# CHARLESTON.

## Schwartz v. Shull.

### Submitted September 8, 1898—Decided Nov. 30, 1898.

1. MASTER AND SERVANT— *Ordinary Care—Dynamite.*

   The measure of care imposed upon the master for the safety of his servant in the use of dynamite is that ordinary care which reasonable and prudent men would and do exercise under like circumstances. *Zinc Co.* v. *Martin's Adm'r*, 93 Va., 791. (p. 406).

2. NEGLIGENCE—*Injury—Proximate Cause.*

   The proximate cause of an injury is the last negligent act contributing thereto, and without which such injury would not have resulted. (p. 409).

3. PROVINCE OF COURT—*Proximate Cause—Evidence.*

   Where the evidence is not contradictory, proximate cause is a question of law to be determined by the court, and not a question of fact to be submitted to a jury. (p. 409).

4. INSTRUCTIONS—*Negligence—Evidence.*

   A person may admit moral guilt of a wrong in cases where he is not legally liable; hence an instruction to the effect that, although the defendant admitted his negligence caused the injury, the plaintiff is not entitled to recover, unless the evidence including such admission shows that the defendant was negligent, and that such negligence was the proximate cause of the injury, is not improper, and, when asked, should be given. (p. 410).

5. INSTRUCTIONS—*Negligence—Proximate Cause—Error.*

   An instruction to the effect that if the jury believe that the defendant was negligent, and that such negligence was the proximate cause of the injury complained of, they must find for the plaintiff, although they believe another person's negligence intervened between the negligence of the defendant and the injury, is erroneous (p 412).

Error to Circuit Court, Mineral County.

Trespass on the case, by A. F. Schwartz against L. E. Shull and others. There was a judgment for plaintiff and defendant brings error.

							*Reversed.*

C. WOOD DAILY, for plaintiff in error.

F. M. REYNOLDS, for defendant in error.

DENT, JUDGE:

An action of trespass on the case, instituted by A. F. Schwartz against L. E. Shull and others, resulted in a verdict for the plaintiff for the sum of one thousand two hundred dollars. Defendant Shull appeals, and relies on the following assignment of errors: "First. Overruling petitioner's demurrer to the plaintiff's amended declaration. Second. Refusing to give petitioner's instruction A, as set out in bill of exception No. 1. Third. Giving the three instructions, and each of them, at the instance of the plaintiff, as set out in bill of exception No. 2. Fourth. Refusing to give, at the instance of petitioner, instructions Nos. 3, 4, 7, 8, 11, 13a, 14, 17, and 18, as asked, and as set out in petitioner's bill of exception No. 3, and in modifying Nos. 7 and 14, as set out in said bill of exception. Fifth. Overruling petitioner's motion in arrest of judgment and for a new trial, as set out in defendant's bill of exception No. 4. Sixth. Overruling petitioner's objection to that part of the testimony of Mary Schwartz, wife of the plaintiff, set out in petitioner's bill of exception No. 5, and in refusing to exclude such evidence from the jury."

As cause for demurrer, defendant says that it is not negligence to carry dynamite and caps in sawdust, in an exposed condition, on a locomotive engine, unprotected from sparks thrown off by such engine. The result of the accident is a sufficient answer to this. It was a dangerous explosive, carried in a dangerous place, in close proximity to defendant's employes on such engine, by his direction. A person of ordinary prudence, fully advised of the dangerous character of dynamite, would not undertake such risks. In the case of *Zinc Co.* v. *Martin's Adm'r*, 93 Va., 791, (22 S. E. 869), the law is stated correctly to be: "The

measure of care imposed upon the master for the safety of his servant in the use of dynamite is that ordinary care which reasonable and prudent men would and do exercise under like circumstances,"—such care being regulated to a great extent by the dangerous character of the article; a stick of dynamite requiring more care than a potato, although both might be dangerously handled.

Petitioner's first instruction, which is in these words: "The court instructs the jury that the evidence in this case is not sufficient to sustain the issue on the part of the plaintiff, and they should find a verdict for the defendant,"—is virtually nothing more than a demurrer to the declaration. From the plaintiff's standpoint, the declaration has been fully proven; and the allegation that the evidence is insufficient, although it fully tends to sustain every averment of the declaration, being, in effect, a demurrer to the evidence, is equivalent to saying that the plaintiff has no cause of action. The court, therefore, could not do otherwise than to hold such instruction bad. The plaintiff's evidence establishes the facts to be as follows: That the defendant Shull placed some explosive caps in an open box containing eight sticks of dynamite placed in sawdust, and directed an employe by the name of Davis to take the same to the tram road, and put it on the engine; that Davis, in obedience to such direction, set such open box on the tender; that after the engine, to which several trucks were attached, had proceeded some distance, the engineer noticed the sawdust was on fire, and called to the plaintiff, who was riding on the tender as an employe of the defendant to throw the box off. He promptly did so, and while he was in the act of doing it the dynamite exploded, and seriously injured him. This evidence is certainly sufficient to go to the jury on the question of negligence, and it would be for it, and not the court, to say whether the defendant, in directing the explosives to be placed on the engine in their exposed and dangerous condition, was exercising the ordinary care of a prudent man towards his employes. As to whether defendant Shull directed Davis to put the dynamite on the engine is a disputed question, the plaintiff's evidence tending to prove that he did, while the defendant's evidence

tends to the contrary; thus raising a question for the jury to determine.

Taking up the numerous instructions refused, to the defendant, we find the court refused to give instruction No. 3, which is as follows: "The court instructs the jury that even if they believe, from the evidence that defendant Shull put the caps spoken of in the evidence into a box with dynamite, and told the witness John Davis to carry it over to the train and put it on the engine, and said Davis put the same on the tender, and though the jury may believe that such action on the part of said Davis was negligent, and that such negligence was the proximate cause of the plaintiff's injuries, yet that does not constitute negligence on the part of said Shull." This instruction tries to make a distinction between the tender and the engine, which is untenable, as the tender is a necessary part of the engine, and is that part on which it was shown the employes were in the habit of carrying articles for the company's use. Such a distinction is a mere quibble, especially in the face of the fact that the defendant denies telling Davis to put the box on the engine.

Instruction No. 4, refused, is as follows: "The court instructs the jury that if they believe from the evidence that defendant Shull told witness John Davis to take the box with dynamite and caps in it over to the tram road, and that said Davis took the same over, and put it on the tender, and that to do so was negligence, and that such negligence caused the plaintiff's injury, yet such negligence was the negligence of said Davis, a fellow servant of the plaintiff, and that for such negligence the defendant is not responsible." This instruction was also properly refused, as the jury had the right to infer from the evidence in the case that Davis, in placing the box on the tender, was acting in obedience to the instruction of the defendant, and not in disobedience thereto.

Instructions 7, 11, 17, and 18 are as follows: (7) "The court instructs the jury that if they believe from the evidence that the plaintiff, by his own negligence, or want of care and prudence, contributed directly to the injuries which he received, then they should find a verdict for defendant Shull, although they may believe that he also was

negligent in the matter." (11) "The court instructs the jury that if they believe from the evidence that the plaintiff's injuries resulted from the explosion of the dynamite when the plaintiff threw it from the tender, or when it struck the ground or rocks, and that the said plaintiff knew, or ought to have known, that it was dangerous to handle said dynamite in that condition, and the jury further believe from all the evidence in the case that it was dangerous and that it was imprudent and careless in him to do so, then they should not find a verdict in favor of the plaintiff." (17) "The court instructs the jury that, though they may believe from the evidence, even under the instructions of the court, that the defendant Shull was guilty of negligence, yet if they further believe from the evidence that the plaintiff was guilty of carelessness or imprudence that contributed directly to his injuries, they should find for the defendant." (18) "The court instructs the jury that if they believe from the evidence that it would have been less dangerous to throw the dynamite off on the upper side of the road than on the lower side, and that the plaintiff knew that fact, or should have known it, and yet threw the box off on the upper side, when he could have thrown it off on the lower side, then the plaintiff is not entitled to recover." These instructions raise questions of contributory negligence. This does not appear in the case, for the undisputed evidence plainly frees plaintiff from all contributory negligence. It shows he was endeavoring to save the defendant's property and the lives of himself and others from destruction, and he did, under the circumstances, only what a brave man could do, while a coward might have fled, and left the property of his employers, and his fellow servants, to their uncertain fate. Under the circumstances it was the duty of the court to settle the question of contributory negligence in favor of the plaintiff, as the evidence justifies no other course. Instruction No. 7, modified, which is as follows: "The court instructs the jury that if they believe from the evidence that the plaintiff, in taking up the box of dynamite, and throwing it from the tender, showed a want of reasonable care and prudence, and that such want of care and prudence was the proximate cause of the injuries he received,

then the jury should find for the defendant,"—was more than the law entitled the defendant to have on the question of contributory negligence. Instruction No. 8 is liable to the same objections as instructions Nos. 3 and 4. It is as follows: "The court instructs the jury that if they believe from the evidence that the defendant Shull, after he put the caps into the box with the dynamite, told the witness Davis to take the box down to the tram road, and put it on the engine, or told him to take it over to the tram road without telling him what to do with it after getting it there, and believe that plaintiff, Schwartz, and others working on construction of tram road, were going up on the train, together with Charles Bender, acting as engineer, and Davis as fireman, in charge of the logging train, then said Shull is not liable in this case because he failed, after he got to the tram road, and before or after starting, to ascertain where said dynamite or caps had been placed for carriage; and is not liable in this action because they were placed together, by said Davis, on the back of the tender, even if the jury believe that it was negligence in said Davis to put them there, and that the plaintiff's injuries resulted directly from such negligence."

Defendant's instruction 13a is as follows: "The court instructs the jury that, even if they believe from the evidence that defendant Shull, after the explosion, and injury of the plaintiff, stated or admitted that he was to blame in the matter, or that it was his fault, yet that does not entitle the plaintiff to recover unless the evidence in the case before the jury, including such statement of said Shull, if the jury believe that it was made, under the instructions given by the court, shows that the said Shull was negligent, and that his negligence was the direct and proximate cause of plaintiff's injuries." This instruction should have been given, for a person may acknowledge that he is morally responsible for an act when not legally so. He may feel, on account of sensitiveness, that by using more prudence than the law requires, or by having prevented a remote cause, he might have rendered the proximate cause of the accident impossible.

Instruction No. 14, refused by the court, and No. 14, as modified by the court, applied alone to the allowance of

doctor's bills; No. 14 being that no such bills should be allowed, and the modified instruction allowing such as had been established by proof. The declaration alleges, among other things, that the plaintiff "incurred great and heavy expense in his endeavor to be cured of the said injuries, which expense amounted to the sum of————dollars." The court therefore did not err in this instruction, as plaintiff had the right to recover his curative expenses, together with his other damages, if the same did not exceed the amount claimed, to wit, $5,000. Nor is instruction 14, as modified, inconsistent with instruction No. 1 given for plaintiff. No. 1 tells the jury to allow him his medical expenses, while No. 14, as modified, limits the same to the amount proved to have been expended.

Plaintiff's instructions Nos. 1 and 3, which are as follows, to wit: (1) "The court instructs the jury that, if they find the issue for the plaintiff, Schwartz, in determining the measure of damages they may take into consideration the mental and physical pain and suffering endured by the plaintiff since he received the injury complained of, in consequence thereof, the character and extent of such injury, and its continuance, if permanent, together with his loss of time and service, and his disability, if any, resulting from said injury, to earn a livelihood for himself and family, and his necessary expenses for medicine and medical attention; and may find for him such sum as, in the judgment of the jury under the evidence, will be a fair compensation for the injury, not to exceed the sum of five thousand dollars." (3) "The court instructs the jury that if they believe from the evidence that the plaintiff, Schwartz, was injured by the explosion of dynamite, as complained of in the declaration, and that the negligence of the defendant Shull was the proximate cause of the injury received by the plaintiff, then they must find a verdict for the plaintiff,"—properly propound the law, and were rightly given.

Plaintiff's instruction No. 2 is as follows, to wit: "The court instructs the jury that if they believe from the evidence that the defendant Shull was guilty of negligence in putting the dynamite mentioned in the evidence in a box, and in with it caps for exploding such dynamite, and

putting sawdust on it, without the box so packed being covered or protected, then they must find for the plaintiff, if they believe such negligence of the defendant to have been the proximate cause of the injury complained of, although they may further believe from the evidence that the witness Davis was negligent in placing said box so unprotected on the tender of the engine." This instruction should not have been given, for it is misleading, in that it submits to the jury the question of determining whether the defendant's negligence in putting the caps and dynamite together, packed in sawdust, in an uncovered box, was the proximate cause of the plaintiff's injury. This is a legal question, and should have been determined by the court. The legal definition of the word "proximate" is very hard for those unlearned in the law to understand, and the jury might easily be misled into the belief that any act of negligence, however remote, was the proximate cause of an accident. Cooley, Torts, 76, states the law to be: "If the original act was wrongful, and would naturally, according to the natural course of events, prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes which are not wrongful, the injury shall be referred to the wrongful cause, passing by those which were innocent. But, if the original act only becomes injurious in consequence of the intervention of some distinct wrongful act or omission by another, the injury shall be imputed to the last wrong as the proximate cause, and not to that which was more remote." The instruction under consideration positively violates this law, for it tells the jury that, if they believe the defendant's negligence was the proximate cause of the plaintiff's injury, they must find for the plaintiff, "although they may further believe from the evidence that the witness Davis was negligent in placing said box, so unprotected, on the tender of the engine." Although it may be carelessness to place explosive caps and dynamite together, packed in sawdust, yet, if not then in an uncovered condition, exposed to fire, no accident could possibly follow. Now, if Davis' conduct in placing the box uncovered on the tender, where it was exposed to sparks from the engine, could be regarded as innocent, and not

negligent, then the plaintiff's carelessness might be held
to be the proximate cause of the accident.   At the time
the box was turned over to Davis it was not dangerous,
because not in an exposed condition.   If he had negligent-
ly applied fire to the box before he reached the tram road,
he could nót have recovered for an accident resulting, for
his own negligence would have been the proximate cause
thereof.   But if he had not been aware what was in the
box, and he had accidently dropped a spark therein, and
caused and explosion he could have recovered for injury
occasioned thereby, for he is innocent of wrong or negli-
gence.   The proximate cause of the injury in this case
was not the placing the explosives, packed in sawdust, in
a box together, but it was the placing of such box, uncov-
ered, on the tender of the engine, where it was exposed to
heat and sparks, and liable to explode to the injury of the
employes of the defendant transported on such engine to
their place of work.   Had the box been carefully covered,
or placed on some other, unexposed part of the train, no
accident would have happened, although it might have
been considered careless to pack explosive caps and dyna-
mite in the same box, and cover them with sawdust.   Be-
fore they will explode otherwise than by concussion, fire
must reach them in some way,—either by outside applica-
tion or spontaneous combustion.   The latter is not claimed
to have resulted.     In the case of *Foley* v. *Railway Co.*, 48
Mich., 622, (12 N. W. 879), it was held that a railroad com-
pany transporting nitroglycerin in the customary way was
not liable to its employes for injuries occasioned by the
explosion thereof as this was a risk incidental to their em-
ployment.   The transporting of these explosives on the
tender of an engine in an exposed condition is extremely
dangerous and is not the customary way, and cannot be
considered a risk assumed by innocent employes.   Had
the witness Davis been the injured person, he certainly
could not have complained, for his negligence contributed
to the accident.

On the subject as to whether Davis, in placing the box
on the tender, was acting under the direction of the de-
fendant, the evidence is contradictory, and it was, there-
fore, a question for the jury to determine.   But the in-

struction takes this question away from the jury by telling them they must find for the plaintiff, without consideration of the question as to who was guilty of negligence in exposing the explosives to the sparks from the engine. This is a matter of vital importance, and the very gist of this case; and for this reason it will have to be reversed, and a new trial awarded.

The evidence of Mrs. Schwartz that the defendant said "he did not fault Mr. Schwartz for throwing the dynamite off; he said it was all right," as heretofore shown, is immaterial, as Schwartz plainly did only what a brave man could do, under the circumstances, in an effort to save the property of the defendant and the lives of his employes. For doing this no man could "fault" him; much less those he was endeavoring to serve. The law does not convict a man of contributory negligence because he fails to preserve himself to the injury of others through selfishness and cowardice. For the refusal to give defendant's instruction 13a, and the giving of plaintiff's instruction No. 2, the judgment is reversed, the verdict of the jury set aside, and a new trial is awarded.

*Reversed.*