# CHARLESTON.

## May Donald v. Long Branch Coal Company.

Submitted April 13, 1920.    Decided April 20, 1920.

1. Negligence—*Act Must be the "Proximate Cause" of Injury; "Actionable Negligence."*

   Negligence, in order to be actionable, must be the proximate cause of the injury complained of, and must be such as might have been reasonably expected to produce the injury, and there must be no intervening act of the plaintiff or some third person operating as a more immediate cause of the injury.   (p. 253).

86 W. Va.

2.  SAME—*Admitted Facts for Court.*

When the facts relied on as constituting negligence are admitted, or proven and not denied, and are such that reasonable minds should not differ as to their probable consequence, whether or not they prove actionable negligence is a question of law for the court.   (p. 253).

3.  RAILROADS—*Fright at Derailed Car, not Unsafe Track nor Want of Lookout, Held Proximate Cause of Injury to Child Rolling Down Bank and Under Wheels.*

Defendant, a coal mining company operated a railroad leading from its mine to its tipple. Plaintiff, a child 13 years of age, a member of the family of one of defendant's employees, occupying one of its houses near to and above the railroad track, was accustomed to go from the house down to the track to get coal for domestic use, where it had been deposited for that purpose by the defendant, in the ditch at the upper side of the track next to the house. She went down to the railroad for the purpose of getting coal and, seeing the engine and coal cars coming, sat down on a log about three feet from the slope of the bank, which was about three feet higher than the level of the track, to wait until the trip, which contained about twenty-four mine cars, passed, and after the engine and a few of the cars had passed, seeing one of the cars near the rear of the trip off the track, and bumping along on the ties, she became frightened, and in her effort to get farther away from the track, tripped in some manner, fell and rolled down the bank and was injured by the wheels of the derailed car, which, however, had not broken away from the train or trip. She was seated in a place of safety and the engineer did not see her, or know the car was off the track. The evidence tends to show that the car had left the track at a curve 275 feet distant from where plaintiff was sitting, and that the track at that point was not properly maintained. Held: That neither the negligence of defendant in failing to maintain a safe track at the curve, nor the failure of its engineer to observe plaintiff before passing her, is the proximate cause of her injury. They are too remote to constitute the proximate cause of her injury; her fright at the derailed car and her effort to get away from the place of safety to what she considered a safer place, is an intervening act constituting the proximate cause. Such consequence could not reasonably have been anticipated from the failure to maintain a safe track at the curve.   (p. 255).

Error to Circuit Court, Fayette County.

Action by May Donald, an infant, suing by her next friend, against the Long Branch Coal Company.  Verdict for

plaintiff was set aside, and the new trial granted, and plaintiff brings error.

*Affirmed.*

*Osenton & Lee* and *A. A. Lilly,* for plaintiff in error.
*Dillon &Nuckolls,* for defendant in error.

WILLIAMS, PRESIDENT:

May Donald, an infant suing by next friend, recovered a verdict against the Long Branch Coal Co., a corporation, for $19,000 damages for a personal injury, and on motion of defendant the court set aside the verdict and granted defendant a new trial. To that judgment the plaintiff obtained this writ of error.

Defendant operates a coal mine and dinky railroad leading from the drift mouth of the mine to its tipple located about 4,000 feet from the drift mouth. Plaintiff is the step-daughter of Tobe Pinkerton, one of defendant's employees and lived with him in one of defendant's houses, located near to, and above the dinky railroad which ran along a hill side. Pinkerton's family was supplied with coal for domestic use from the mine. It was deposited in the railroad ditch opposite the house and on the upper side of the track. According to plaintiff's testimony she was sent down to the track to get some coal and, seeing the dinky and trip of loaded mine cars coming down the track from the mine to the tipple, she sat down on a log on the bank above the track, about three feet from the top of the bank, to wait until the train passed before going down to the coal pile to get her coal, and, seeing that one of the coal cars toward the rear of the trip, which contained from twenty to twenty-four cars, holding about two tons each, had jumped the track and was bumping along on the cross ties, she became frightened, jumped up from where she was sitting and attempted to get farther away from the track and tripped in some manner over some cross ties, which defendant had placed in the ditch and on the bank at that point and fell, and slipped or rolled down the bank, and her arm was run over by the derailed car and so badly injured as to necessitate amputation.

The negligence complained of is the failure of defendant to

maintain a safe and suitable railroad track, and its failure to operate its engine and cars in a careful manner, so that persons going near the track to get coal would not be injured thereby. There is evidence tending to prove that, about 275 feet above the point where coal was deposited in the ditch there was a curve in the track and that the track in this curve was so imperfectly maintained that cars frequently jumped the track there. The engineer did not see plaintiff sitting on the log and swears he did not know the car was off the rail, and continued on to the tipple with his trip. Plaintiff was thirteen years old and had been accustomed to getting coal at the track at this point and at another place farther down the track for about two years and was, therefore, familiar with the surroundings. She knew it was dangerous to gather coal while the trip was passing and sat down in a place of safety to wait until it passed, and if she had remained there she would not have been hurt. Assuming the facts testified to by her to be true, can it be said that the failure to maintain the track in a safe and proper condition, at a point 275 feet from the coal pile, was the proximate cause of her injury? We hardly think so. If she had been injured by the derailed car while in the act of gathering coal, the case might have been different. Because defendant had placed the coal there for the use of her family and she or some other member of the family were expected, in fact impliedly invited to go there to get it. She had a right to be there and was not a trespasser. But the railroad was maintained for the purpose of carrying coal, not for hauling passengers, and a different rule applies respecting the care required in maintenance of track and equipment generally. Plaintiff was in a place of safety when the engine passed her, and even if the engineer had seen her he could have had no reason to suspect any danger, and his duty to her would not have called upon him to exercise any greater degree of care in operating his engine than he actually did exercise, for he could not have reasonably anticipated that she would leave the safe place where she sat and get into a place of danger after the engine passed her. Therefore his failure to see her was not negligence of which she can complain. The train was moving at a reasonable rate of speed, not over six or

eight miles an hour and the whole length of the trip of cars was about 250 feet. Defendant had placed some ties, to be used in maintaining its track, on the bank and across the ditch, over which plaintiff says she fell and rolled or slid down against the ends of the ties supporting the track, but these loose ties were not in or across the path leading down to the coal pile but were to one side of the path. There is no evidence that defendant had obstructed plaintiff's pathway over which she had to travel to and from the coal pile. In view of these facts and circumstances it cannot be said that defendant's failure to maintain a proper track at the curve, some 275 feet above the coal pile, or the failure of its engineer to see plaintiff sitting on a log on the bank above, and some twelve or fourteen feet from the track, was the proximate cause of her injury. The alleged cause is too remote to come within the definition of "proximate cause". Actionable negligence is such negligence as is the proximate cause of the injury, that is the injury must be the natural and continuous sequence of the negligent act. 1 Shearman & Redfield, sec. 28. Furthermore, it must be such as might reasonably be expected to result from the negligent act. 10 Encyc. Dig. Va. & W. Va. 274 and 275. It is not reasonable that defendant could have anticipated an injury happening in the manner plaintiff says it did happen, as a consequence of its failure to keep its track in repair at a point so distant from where she might have been expected. A defendant is not liable for all the actual consequences of his wrongful act but only for such as result as a continuous sequence from the particular act of negligence. There must be no intervening act attributable to an independent agency. The injury must be such as flows naturally from the wrongful act and must be such as might be reasonably anticipated as the probable result of the wrongful act. 1 Shearman & Redfield on Negligence, sec. 28. According to plaintiff's own testimony the proximate cause of her injury was her effort to go from the place of safety she occupied and to get farther up the hill from the track. Could any reasonable mind have anticipated such a consequence flowing from defendant's failure to maintain a proper track? We think not. Her intervening act was not a reasonable consequence to be anticipated, and

but for that act she would not have been hurt. So that, even admitting defendant's failure to maintain a proper track at the curve and that it was a wrongful act, it cannot be said that it was the proximate cause of plaintiff's injury. In view of her own testimony her injury is only an unfortunate accident for which there is no liability in law. When the facts are admitted, or proven and not denied, the question of negligence is one of law for the court. We have assumed the facts to be as plaintiff testified they were.

Plaintiff cites and relies on the case of *Smith, Admr., v. Sunday Creek Co.,* 74 W. Va. 606. There plaintiff's intestate, a child of four years of age, was struck by one of defendant's cars and killed. The facts were as follows: The child's father, one of defendant's employees, occupied one of its houses located near its track. The only practicable way of passing from the dwelling to an appurtenant and necessary outhouse was along the edge of the railroad track, and plaintiff's intestate, a four year old daughter of defendant's employee was passing along this path near the track when she was struck and killed by a car which defendant's employees had left standing on a spur track on a grade, unblocked and with the brake unset, and which remained so standing for about two hours, but which, at the time of the accident rolled down the grade and struck the child. The act of negligence for which the defendant was held liable was in not blocking the car or setting the brakes so that it could not have started rolling by gravity. In view of the circumstances and conditions it was reasonable that the company should have known that such an injury would likely result from such act of negligence, because it knew members of the child's family used the path at such close proximity to its track. Such a consequence was reasonably to be expected, and the child was not a mere licensee, and the company owed it a greater duty than it would owe to a mere licensee, because its father used the pathway as a necessary convenience in connection with the occupancy of the house, which he occupied as the defendant's employee. There the facts presented quite a different case from the case in hand. The injury in that case resulted as a direct and natural consequence of de-

fendant's negligent act in leaving its car unblocked on its spur track on a grade.

Defendant cross assigns error because of the court's refusal to give its instructions numbers five to ten inclusive. All of them correctly state the law, in our view of the case, and should have been given. It is unnecessary to encumber this opinion with a quotation of all of them, as they are similar and one or two of them will serve to illustrate defendant's theory of the case. Number five is as follows: "The court further instructs the jury that if they believe from the evidence that on the day the plaintiff sustained her injury the defendant ran its train of cars from its mine on the way to its railway tipple, and that the engineer at the place where the injury occurred was keeping a lookout on the track and that at the place where the injury occurred there was no one on the track and no one apparently in any danger, there was no duty resting upon the defendant to stop its train of cars, altho the engineer and brakeman may have seen, or might have seen the plaintiff sitting on the log above the railroad a distance of about 14 feet from the said track." As we have said, admitting that defendant's engineer did not see plaintiff before his engine passed the pile of coal where she was injured, his failure to see her could by no possibility be regarded as a negligent act causing the injury. Because, at the time his engine passed plaintiff she was in a place of safety, seated on a log, according to her own testimony, and even if the engineer had seen her in that position, he would have had a right to suppose that she would remain in that position until the trip passed. The other instructions would have told the jury, in effect, that the failure to keep the track in repair at the curve, 270 odd feet away was not the negligent act that caused plaintiff's injury. We have heretofore stated that such act is too remote to be the proximate cause of plaintiff's injury, and when the term negligence is used in the instruction, it of course means legal negligence, which is the proximate cause of the injury. Defendant requested the court to submit to the jury four interrogatories, three of which were submitted and answered by the jury in the affirmative, but the fourth the court refused to submit to them. It is as follows: "Was the defendant guilty of negligence because it did not stop its train

after it discovered or might have discovered the plaintiff sitting on the log on the hillside?" All these interrogatories submitted to the jury questions of law, but of course, defendant cannot and does not complain of those which were submitted. There was no error in refusing the fourth interrogatory for that reason. The fact that defendant was seated on a log on the bank when the engineer passed ·and the defendant's engineer did not see her are not disputed. Then whether or not he was negligent in not seeing her and in not stopping his train at that point are pure questions of law. "Where the evidence is not contradictory, proximate cause is a question of law to be determined by the court, and not a question of fact to be submitted to the jury." *Schwartz* v. *Shull,* 45 W. Va. 405. If the engineer had seen plaintiff seated on the bank in a position of safety, he would have been under no duty to her to stop his train. Because it would be unreasonable to suppose that she would voluntarily leave a place of safety and get into a place of danger, after the engine had passed her. She says herself that she sat down there to wait until the trip passed before going to get her coal, and if she had not become frightened, as she swears, and attempted to leave that place she would not have been hurt.

The court committed no error in setting aside the verdict, and we affirm the judgment and remand the cause.

*Affirmed.*