DANIEL J. STEINER *v.* OKEY L. MULDREW

(CC 491)

Submitted February 27, 1934. Decided March 27, 1934.

*Ramsay & Wilkin*, for plaintiff.
*McCamic & Clarke*, for defendant.

KENNA, JUDGE:

Daniel J. Steiner brought this action of trespass on the case against Okey L. Muldrew in the circuit court of Brooke County. A demurrer to the declaration was overruled as was a demurrer to defendant's special plea No. 1, and, on the joint motion of plaintiff and defendant, the circuit court of Brooke County certified to this court the sufficiency of the pleadings in question.

The declaration avers that on May 1, 1930, the defendant was driving an automobile owned by him in which the plaintiff was an invited guest along a road known as the Steubenville-Pittsburgh Pike in Washington County, Pennsylvania, outside of a business or residential district; that that part of the road over which they were traveling was of brick construction with many dangerous curves and turns; that a statute of the state of Pennsylvania, set forth verbatim in the declaration, made it unlawful to park or leave any vehicle standing unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of the highway opposite such standing vehicle should be left free for the passage of other vehicles, and unless a clear view of such standing vehicle might be obtained for a distance of 200 feet in each direction upon said highway; that the defendant owed the plaintiff the duty of not violating that statutory provision, and that, regardless of that duty, defendant stopped and parked his car on the highway at a point where there was not a clear or unobstructed width of not less than fifteen feet and where there was not a clear view of his automobile for a distance of 200 feet in each direction; that having so stopped his automo-

bile, the defendant ordered the plaintiff to remove a tire from the rear thereof, and that plaintiff was obeying that order when a car driven by Mabel M. Nelson in the same direction in which the defendant's automobile was faced, crashed into the defendant's automobile pinning the plaintiff between the two cars and injuring him permanently.

The statute of the state of Pennsylvania that is invoked by this declaration is intended for the safety and benefit of persons traveling the public highways of that state, other than persons riding in the vehicles that may be stopped and parked on the highway in violation of its provisions, and who, by their conduct, acquiesce in such violation. It is not intended to make provision for the safety of persons who may be particeps to its violation. The violation of a statute is negligence as to those only for whose safety its provisions were intended. *Anderson* v. *Wells,* (Mo. App.) 273 S. W. 233, affirmed (Mo.) 287 S. W. 603; *Carter* v. *Redmond,* 142 Tenn. 258, 218 S. W. 217; *King* v. *San Diego Electric Ry. Co.,* 176 Cal. 266, 168 P. 131. If this condition is met and if the violation of the statute was the proximate cause of plaintiff's injury, then a right of action accrues. The violation of the statute does not otherwise furnish a cause of action.

Even should we assume, however, that the defendant's conduct was negligent as to the plaintiff here, we would be bound to hold that the facts averred on the face of this declaration show that the plaintiff's own negligence, and not the negligence of the defendant, was the proximate cause of the plaintiff's injury. The declaration avers that the plaintiff, as an invited guest in the automobile of the defendant, was ordered by the defendant to remove a tire from the rear of the automobile after it had been stopped by the defendant in what, from the facts averred, must have been an obvious position of peril. The plaintiff's act in going to the rear of the automobile for that purpose and exposing himself to a peril that he, along with the defendant, must have had capacity to foresee, was an act of negligence independent of whatever the defendant may have done up to that time. His conduct was in no way subject to the defendant's orders. A guest in an automobile does not occupy a legal relationship to the driver or host that obligates him to carry out the driver's instruc-

·tion. When the plaintiff went to the back of the automobile to remove the tire, he was doing so as his own free agent. It ·was not a contribution to the act of the defendant, but was independent conduct on his own responsibility. In our opinion, this declaration shows upon its face that the plaintiff's injury resulted from his own primary negligence, and therefore that the demurrer should have been sustained.

It is not necessary, in view of what has been said, to discuss the demurrer to the special plea. The declaration being fatally defective in not setting up a cause of action, it necessarily follows that the defense to it is legal and not based upon any countervailing facts. Therefore, there could be no good special plea to this declaration. The case would be disposed of before that point could be reached.

The case is remanded to the circuit court of Brooke County with direction that the demurrer to the declaration be sustained.

*Reversed and remanded.*