CLEO FLEMING, *Administrator, etc. v.* CLYDE S. MCMILLAN

(No. 9383)

Submitted January 19, 1943.   Decided February 16, 1943.

*Clay D. Hammond,* for plaintiff in error.

*S. A. Powell* and *P. Douglass Farr,* for defendant in error.

LOVINS, JUDGE:

This action was instituted to recover damages for the death of plaintiff's decedent, Ada Fleming. At the conclusion of the testimony on behalf of the plaintiff, the trial court, on motion of the defendant, excluded the evidence offered by the plaintiff, and directed the jury to find a verdict for the defendant. A motion to set aside the verdict was overruled, judgment of *nil capiat* rendered, and adjudged costs to defendant to be paid from the assets of the estate of the plaintiff's decedent. The case comes to this Court on writ of error.

The plaintiff's decedent suffered fatal injuries while walking on or near a public highway known as U. S. Route 50 near the Town of West Union. The road is straight and level for approximately two thousand feet east and three hundred feet west of the scene of the accident, which occurred shortly before nine P. M., October 26, 1940. The defendant was proceeding alone in his automobile in a westerly direction toward West Union. After the collision he drove to a gasoline filling station approximately three hundred feet from the place of the accident, alighted from his automobile and said to an attendant, "I hit someone or something down the road," and immediately he and another person, there present, ran toward the scene of the accident. When defendant and his companion arrived at the place of the accident, the sheriff, one of his deputies, and a constable were there, having found the bodies of Ada Fleming and Henry Hughes lying in a ditch along the north side of the road, the body of Hughes being approximately seventeen feet distant in a westerly direction from that of Ada Fleming, who died from her injuries shortly thereafter.

Immediately north of the ditch was a bank higher than the surface of the road. An inspection of the scene of the accident, made on the following morning, disclosed that

there were signs that a body had rested on this bank above the road level. A blood spot, a watch, some coins and false teeth were likewise found on the bank. Blood and hair were found on the windshield and right door of defendant's automobile. The right front fender and right door of the automobile were dented, and the right headlight damaged. The defendant stated shortly after the accident that he had struck the deceased. Shortly after the accident defendant, who did not testify, also stated to a member of the Department of Public Safety that he saw the deceased and her companion, swerved his automobile to the left to avoid striking them, and that the lights of a vehicle traveling in the opposite direction "blinded" him.

A member of the Department of Public Safety was permitted to give his opinion that defendant's automobile was operated at a high rate of speed at the time of the accident, but the witness refused to give an opinion as to the exact rate of speed. The plaintiff offered evidence to the effect that defendant had been involved in another accident a short time prior to the one in which Ada Fleming lost her life; that he had the odor of liquor on his breath, one witness saying that he was under the influence of "something" prior to the accident and was repetitious in his conversation, but the witnesses by whom this evidence was offered, including the one testifying as to the prior occasion, stated that at the scene of the latter accident defendant had the odor of liquor on his breath but no unusual conduct on his part was observed. The court excluded the evidence as to the prior accident and intoxication of defendant.

Plaintiff contends that the court erred (1) in directing a verdict for the defendant because (a) a *prima facie* case had been made on behalf of the plaintiff, (b) the verdict was inconsistent with the physical facts, (c) the verdict was contrary to the plain preponderance of the evidence; (2) in excluding the evidence (a) of defendant's intoxication, (b) of the prior accident; and (3) in refusing to apply the provisions of Code, 17-8-12, limiting the speed of motor vehicles to fifteen miles an hour upon approach-

ing pedestrians walking in the traveled portion of a public highway.

The evidence relating to the prior accident fails to show any causal connection between it and the accident causing the death of Ada Fleming, and we see no error in the exclusion of such evidence.

The evidence with respect to the intoxication of defendant at the time of the accident in which Ada Fleming lost her life is not persuasive. It is true that all the witnesses stated that defendant had the odor of liquor on his breath at the time and place where the body of Ada Fleming was found. The witnesses were law enforcement officers, one being a constable and the other a state policeman. These officers did not arrest the defendant, and apparently they had no reason to do so. The constable testified that at some time prior to the accident, at Nutter Fort, he could smell alcoholic liquor on the defendant's breath, and that he kept repeating his words, but the same witness testified that at the place of accident on Route 50 defendant still retained the odor of intoxicating liquor, but that he, the constable, observed nothing unusual in conversation or conduct of the defendant. The other officer observed no unusual conduct on the part of defendant at that time and place. The evidence as to intoxication of defendant fails in that it does not appear that his indulgence in the use of such was the proximate cause of the tragedy. The odor of liquor may have evidential value to establish negligence, but here no primary negligence is established, and we perceive no error in rejecting it.

As hereinabove indicated, the speed of the automobile at the time of the accident does not appear, nor does it appear that such speed proximately caused the death of Ada Fleming. The duty of reducing the speed of a motor vehicle to fifteen miles an hour when approaching pedestrians walking on the traveled portion of a highway is imposed by Code, 17-8-12, but before this provision becomes applicable, it must appear that the pedestrian was walking on the traveled portion of the highway. The showing made by the plaintiff is devoid of any evidence from which it might be reasonably inferred that Ada

Fleming and her companion were walking on the traveled portion of the highway. Moreover, we cannot say at what speed defendant's automobile was being operated, except that it was operated at a "fast rate of speed". This is not sufficient to show a violation of Code, 17-8-12. In order to sustain a recovery for the violation of an ordinance or statute, it must be established by a preponderance of the evidence to be the proximate cause of the injury complained of. *Steiner* v. *Muldrew,* 114 W. Va. 801, 173 S. E. 891; *Jones* v. *Virginian Railway Co.,* 115 W. Va. 665, 172 S. E. 621. If the defendant disregarded the requirement of Code, 17-8-12, and failed to reduce the speed of his automobile to fifteen miles an hour when approaching the deceased, such failure to warrant a recovery must be the natural and proximate cause of the injury. *Oldfield* v. *Woodall,* 113 W. Va. 35, 166 S. E. 691. There is no evidence from which a reasonable inference may be drawn that the speed of defendant's automobile was the proximate cause of Ada Fleming's death.

No eyewitness to the accident testified, and while it is undoubtedly true that defendant's automobile struck Ada Fleming and caused her death, the exact circumstances surrounding the accident are not fully disclosed by the record. We are compelled to rely upon conjecture. We do not know whether the deceased was walking on the pavement or the berm at the time of the impact nor the other events which led to her death, except such as have been stated herein. Considering the testimony in the light most favorable to the plaintiff, giving full force to the presumption that the decedent was not guilty of contributory negligence (Jones Commentaries on Evidence, Section 526), and that the deceased was not bound to be continuously looking or listening to observe the approach of automobiles or other vehicles *(Deputy* v. *Kimmel,* 73 W. Va. 595, 80 S. E. 919, 51 L. R. A. (N. S.) 989, Ann. Cas. 1916 E, 656), we see no basis for a recovery, it being necessary for the plaintiff to establish primary negligence before the question of contributory negligence arises. When negligence is relied upon as the basis of an action for damages, it must be established by a preponderance of the

evidence, and unless so established, plaintiff is not entitled to recover. *Fleming* v. *Hartrick,* 100 W. Va. 714, 131 S. E. 558. It was incumbent upon the plaintiff to establish by a preponderance of the evidence that defendant owed a duty to the deceased, that he failed to observe that duty, and that the injury resulted proximately therefrom. In this the plaintiff failed and, accordingly, we affirm the judgment of the Circuit Court of Doddridge County.

*Affirmed.*