KERMIT WEBB, *Admr., etc.*

*v.*

ROBERT SESSLER, *et al.*

(No. 10280)

Submitted September 12, 1950. Decided December 12, 1950.

*Dewey B. Jones, J. Malcolm Orth, James Henderson, W. Hayes Pettry,* for plaintiff in error.

*Fletcher W. Mann, H. E. Dillon, Jr.,* for defendants in error.

RILEY, JUDGE:

Kermit Webb, administrator of the Estate of Citie Louise Webb, deceased, instituted this action at law in the Circuit Court of Raleigh County to recover damages for decedent's alleged wrongful death, against Robert Sessler and Rebecca Sessler, executrix of the Estate of Herbert L. Sessler, deceased, a partnership, doing business as Beckley-Mt. Hope Airport; Howard Keatley, doing business as Beckley Flying School; Paul Neal, airport manager; The New River Company, a corporation, the owner of the ground upon which the airport is located; and Edward Ray Lilly. All of the defendants, except Lilly, filed separate demurrers to each of the two counts of the declaration. The Circuit Court of Raleigh County, having sustained the demurrers, and plaintiff not desiring to amend, dismissed the demurring defendants. To this action of the court, plaintiff prosecutes this writ of error.

Because the declaration under appraisement covers forty-six pages of the printed record, and its allegations are in great detail and somewhat repetitious, it seems advisable, for the purpose of brevity, to state the matters contained in the declaration to a large extent in narrative form.

The airport owned by defendant, The New River Company, managed by the defendant, Paul Neal, leased to the defendants, Robert Sessler and Rebecca Sessler, executrix of the Estate of Herbert L. Sessler, deceased, upon which the defendant, Howard Keatley, at the time decedent received her fatal injuries, was operating a flying school, lies to the northeast of the intersection of State Route No. 8 and United States Route No. 21. Its southern and western boundaries lie along the highways and about twenty-five feet therefrom. United States Route No. 21 is on the west side of the airport, and runs parallel therewith for a long distance approximately the length thereof, and

State Route No. 8 runs parallel with the entire width of the airport on the southerly side thereof.

On April 10, 1949, the day on which plaintiff's decedent, Citie Louise Webb was injured, she was sitting in an automobile parked on the southern berm of State Route No. 8, at a time when the defendant, Edward Ray Lilly, who owned a Consolidated-Vultee Model BT-13 airplane, which he kept and maintained at the airport, had taken off from the airport in a southerly direction and across State Route No. 8. After clearing the flying field, as well as the highway, and "before he had attained a safe altitude [he] negligently, carelessly, unlawfully and wrongfully proceeded to bank back his said aircraft and attempted to land on the same airfield from which he had ascended."; and said defendant Lilly "negligently, carelessly, unlawfully and wrongfully in attempting to land his said aircraft at the time and place aforesaid on said airfield, descended the said aircraft with its wings spread *vertical* and the landing gear out of line with the airfield and the surface of the earth; and the defendant Edward Ray Lilly negligently, carelessly, unlawfully and wrongfully and wantonly at the same time and place flew his said airplane and attempted to land his airplane upon an airfield which was dangerous and hazardous because of the close proximity of the airfield to the highways, in violation of C. A. A. Regulation and Drawing No. 793, * * *." It is further alleged as to Lilly's negligence that at the time plaintiff's decedent was seated in the automobile and using reasonable and ordinary care for her own safety, Lilly's airplane "was negligently, carelessly, unlawfully, wrongfully and wantonly flown along, over and above said State Route 8, a public highway, * * * and while the said aircraft was being flown in a northerly direction at or near the Beckley-Mt. Hope Airport, as aforesaid, over and above said public highway, as aforesaid, the said defendant Edward Ray Lilly's said aircraft at the same time and place was negligently, carelessly, unlawfully, wrongfully and wantonly flown and operated over and across said highway State Route No. 8, as aforesaid, at a low and unsafe altitude or

344

height, and with the wings of his said airplane in a vertical position and the landing gear of said airplane was not in line with the said airfield or the earth's surface and said airplane was not in proper position for landing, and about the time the defendant Edward Ray Lilly's said aircraft neared or approached the car in which plaintiff's decedent was sitting, as aforesaid, the defendant's said airplane was regligently, carelessly, unlawfully, wrongfully and wantonly flown and driven in the manner aforesaid toward the car in which plaintiff's decedent was sitting, * * *"; and said "aircraft was driven with great force and violence upon and against the car or automobile in which plaintiff's decedent was sitting, whereby and by reason whereof the car in which plaintiff's decedent was sitting was struck a very violent and severe blow, and also by reason thereof and as a direct and proximate result of the negligence, carelessness and wantonness of the defendant Edward Ray Lilly, as heretofore alleged, the plaintiff's decedent was struck a very violent and severe blow and was knoced against the car in which she was sitting and was severely injured, crippled and maimed and as a result of said injuries she immediately died."

Also as to the alleged negligence of the defendant Lilly, the declaration further alleges that said defendant "negligently, carelessly, unlawfully and wrongfully made major repairs on his said aircraft without a license to do so as authorized by law and in violation of Civil Aeronautic Regulations 18.3 and 18.31, and also flew said aircraft without having said aircraft inspected and approved by a duly authorized representative of the Civil Aeronautics Administration, in violation of Civil Aeronautics Regulation 18.51, and also the defendant Edward Ray Lilly negligently, carelessly, unlawfully, wrongfully and wantonly flew said aircraft at the time and place aforesaid when said aircraft was not airworthy; * * *." The foregoing are the main allegations bearing on defendant Lilly's alleged negligence contained in both counts of the declaration.

These allegations are stated *in extenso* because they bear directly on the vice contained in this declaration, that is, the failure of the declaration to allege that the death of plaintiff's decedent proximately resulted from the acts of negligence alleged as to the demurring defendants.

The two counts of the declaration contain substantially the same language, except that the second count alleges that the airfield is a nuisance.

In general it may be said, as to the demurrants, that the declaration alleges generally that the airport owned by The New River Company, leased to the Sesslers, and managed by Neal, was hazardous, in that it was in too close proximity to State Route No. 8 and United States Route No. 21 to permit an airplane ascending from said airfield to attain height without interfering unnecessarily with travel upon said highways, which the declaration alleges is in dereliction of certain regulations of the Civil Aeronautic Administration and Federal statutes. Be that as it may, there is no allegation in this declaration to premise the conclusion that alleged derelictions of duty on the part of the demurrants proximately resulted in decedent's fatal injuries. Whether the demurring defendants were guilty of any negligence, as alleged in the declaration, is of no importance in the appraisement of this declaration, for negligence to be actionable must be the proximate cause of the alleged injury.

Only a casual review of the allegations of both counts of this declaration, as to the negligence of the defendant Lilly, serves to tell this Court that the element of proximate cause is absent as to the allegations of negligence against the demurring defendants, the Sesslers, Keatley, Neal and The New River Company. Lilly was an independent agent: an agent having no connection with any of the other defendants. He was the sole owner and in sole control, as the allegations of this declaration disclose, of the airplane which caused plaintiff's decedent's death. Certainly, the declaration does not allege that he was the

agent of the defendant Keatley, or that Keatley had any knowledge of Lilly's activities, or the maintenance of his plane on the field. He was not a member of or connected with Keatley's flying school. Clearly, The New River Company was simply the owner of the land upon which the flying field was located. Likewise this declaration is without any allegation of Lilly's connection, either as agent or in any other way, with The New River Company. We can glean nothing from this declaration to the effect that The New River Company had any knowledge of Lilly's activities, or that he kept his airplane on the field; nor does it appear that, if Lilly used the airport as a licensee, he was a licensee for pay, either of The New River Company or its lessees, the Sesslers. In fact, from this declaration it cannot be determined whether Lilly even had permission to use the airfield. If decedent's death ensued because the airfield was hazardous, as alleged in the first count of the declaration, and a nuisance, as alleged in the second count thereof, no allegation of this declaration sufficiently connects decedent's death with the alleged acts of negligence on the part of the demurring defendants.

At this point, on the question of proximate cause, let us review the allegations of this declaration as to defendant Lilly, especially for the purpose of determining whether any of the acts of negligence charged against the defendant Lilly can be charged to the demurring defendants. It is true the declaration alleges that Lilly was negligent in making major repairs to his aircraft without a mechanic's license and in violation of certain Civil Aeronautic Regulations; that he flew his aircraft without having it inspected and approved by an authorized agent of the Civil Aeronautics Administration, under Regulation 18.51; and further that he was negligent in that he flew his aircraft at a time and place alleged in the declaration, when it was not airworthy. Nowhere in this declaration are these alleged acts of negligence expressly alleged or even implied to have proximately resulted in decedent's fatal injuries. If the defendant Lilly was negligent in operating his airplane, after making major repairs thereon without

a license and without having the airplane inspected, and when the aircraft was not airworthy, such negligence is not alleged in either count of this declaration to have proximately resulted in the alleged wrongful death.

But after a careful review of this declaration we are of opinion that decedent's fatal injuries were solely the proximate result of the carelessness and negligence of the defendant Lilly in that before attaining a safe altitude, he proceeded "to bank back" and attempted to land his airplane on the airfield from which it had ascended.

According to these allegations, the defendant Lilly would not have struck the parked automobile, in which plaintiff's decedent was sitting, had it not been for the fact that after his airplane began to lose altitude, he decided to attempt a return to the airfield, which required the banking of the airplane, reversal of direction, and recrossing of State Route No. 8. Lilly's action in this regard was an affirmative negligent act on his part, which, from all we can glean from this declaration, was independent of the many and divers acts of negligence made against the demurring defendants. The action of Lilly, as alleged in the declaration, in "banking" his airplane back over State Route No. 8, in the direction of the airfield, is the last negligent act which contributed to decedent's death, and without which such injury would not have resulted. It is the effective, intervening cause of decedent's injuries.

Axiomatic, in the consideration of this case, is the rule prevailing in this jurisdiction that there can be no recovery for negligence unless the negligence charged was the proximate cause of the alleged injury or death. *Fleming v. McMillan,* 125 W. Va. 356, 26 S. E. 2d 8; *Donald v. Long Branch Coal Co.,* 86 W. Va. 249, 103 S. E. 55; *Jones v. Virginian Railway Co.,* 115 W. Va. 665, 177 S. E. 621; *Divita v. Atlantic Trucking Co.,* 129 W. Va. 267, 40 S. E. 2d 324.

It has been held in this jurisdiction that the proximate cause of an injury is the last negligent act contributing thereto, without which such injury would not have re-

sulted. *Schwartz* v. *Shull,* 45 W. Va. 405, pt. 2 syl., 31 S. E. 914; *Estep* v. *Price,* 93 W. Va. 81, 87, 115 S. E. 861. Black's Law Dictionary, Third Edition, 1457. Of course, "proximate cause" must be understood as that cause which, in actual sequence, unbroken by any independent cause, produced the event, without which such event would not have occurred. *Anderson* v. *The Baltimore and Ohio Railroad Co.,* 74 W. Va. 17, pts. 2 and 3, syl., 81 S. E. 579; *Wabash Railroad Co.* v. *Coker,* 81 Ill. App. 606. For an excellent collation of cases, see 34 Words and Phrases, Perm. Ed., 719, 723, inclusive, and Cumulative Annual Pocketpart.

The foregoing definitions of "proximate cause" are not satisfied by the allegations of this declaration bearing on the liability of the defendants, for the alleged negligence of the defendant Lilly is, as this declaration would indicate, the sole proximate cause of decedent's fatal injuries and death, and the alleged negligence against the other defendants is remote as distinguished from proximate, and, therefore, not actionable. The alleged hazardous condition of the airport, its proximity to the two highways, and its height therefrom, in alleged violation of regulations and statutes, could not, under the allegations of this declaration, be the proximate cause of the alleged wrongful death. Where there is a sole, effective intervening cause, there can be no other causes proximately resulting in the alleged injury. In *Fawcett & Sons* v. *Pittsburgh, Cincinnati, and St. Louis Railway Co.,* 24 W. Va. 755, pt. 1 syl.: "The cause of the inquiry (injury) in contemplation of law is that which immediately produces it as its natural consequence; and, therefore, if a party be guilty of a default or act of negligence which would naturally produce an injury to another, but, before such injury actually results, a third person does some act which is the immediate cause of the injury, such third person is alone responsible for the injury." *Alderson* v. *The Baltimore and Ohio Railroad Co., supra.* Likewise in this jurisdiction there is a clear distinction between the proximate cause of an injury and the condition or occasion of the

injury. *Stuck v. Kanawha & Michigan Railway Co.*, 76 W. Va. 453, 86 S. E. 13.

Consequently, we are of opinion that the vice in this declaration as to the demurring defendants is that, though various acts of negligence have been alleged against them, the sole and intervening cause of plaintiff's decedent's injuries was the alleged negligent acts on the part of the defendant Lilly, and the alleged acts of negligence against the other defendants are relegated to the position of being remote causes of the injury, and, therefore, do not constitute actionable negligence.

For the foregoing reasons we affirm the ruling of the Circuit Court of Raleigh County in sustaining the separate demurrers of Robert Sessler and Rebecca Sessler, executrix of the Estate of Herbert Sessler, doing business as Beckley-Mt. Hope Airport; Howard Keatley, doing business as Beckley Flying School; Paul Neal, airport manager; and The New River Company, a corporation, and in dismissing these defendants on the court's ruling on the demurrers.

*Affirmed.*