CASE 23—ACTION   FOR   NEGLIGENCE   CAUSING   DEATH—
MARCH 17.

## Schauf's Administrator v. City of Paducah.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

NEGLIGENCE—EXPOSED POND.—A municipality is not liable for dam-
ages caused by the death of a child seven years old who enter-
ed an uninclosed lot of the city and waded out beyond his depth
into a pond in pursuit of a bird and was thus drowned.

THOMAS E. MOSS FOR THE APPELLANT.

A municipal corporation with control of public common trav-
ersed by foot-paths on which the public may rightfully travel is
liable to a common law action for damages caused by a danger-
ous and unguarded excavation made by the corporation for its
own purposes in the ground adjoining one of the paths to a
person walking thereon and who was at the time using due
care. Dillon's Munic. Corps. (3d ed.), 2 vol., sec. 985; Weet v.
Rockport, 16 N. Y., 161; City of Pekin v. McMahon, 154 Ill.,
141; 45 Am. St. Rep., 114; 11 Am. Railroad & Corp. Reps.,
278; Shearman & Redf. on Neg. (4th ed.), sec. 705; —— Am.
& Eng. Ency. of Law, '53; 1 Thompson on Negligence, 304;
Railroad Co. v. Stout, 17 Wallace, 657; Keffe v. Milwaukee,
&c., Ry. Co., 21 Minn., 207; Kansas Cent. Ry. v. Fitzsimmons,
22 Kan., 686; 31 Am. Rep., 203; Koons v. St. Louis, &c., R. R.
Co., 65 Mo., 592; Ferguson v. Columbus City Ry. Co., 75 Ga.,
637 and 77 Ga., 102; Mackey v. City of Vicksburg, 64 Miss., 777;
Bird v. Gardner, 50 Am. Dec., 261; Taylor v. Norwich, &c.,
R. R. Co., 68 Am. Dec., 513; Bransom v. Labrot, 81 Ky., 638;
Powers v. Harlow, 51 Am. Rep., 154; Hydraulic Works Co. v.
Orr, 33 Pa. St., 332; Ziglor's Exr. v. Robinson, 12 Ky. Law
Rep., 558; L. & N. R. R. Co. v. Graves, 78 Ky., 74; Kerr v.
Forgue, 54 Ill., 483; Chicago City Ry. Co. v. Wilcox, 138 Ill.,

Schauf's Admr. v. City of Paducah.

370; 2 Thompson on Neg., 1181, 2; Rirg v. Gardner, 19 Conn., 507; Daley v. Norwich, &c., R. R Co., 26 Conn., 591; 68 Am. Dec., 413; Union Stock Yards, &c., Co. v. Rourk, 10 Ill. App., 474; Evanish v. G. C. & S. T. Ry. Co., 57 Tex., 123; Dowling v. Allen, 88 Mo., 293.

, L. D. HUSBANDS FOR THE APPELLEE, CITY OF PADUCAH.

The owner of land might have upon it a pond of water un-fenced, deep enough to drown people without incurring any liability, if any person goes upon his land and is drowned in the pond, unless the pond be in such proximity to a public street or road where the public have the right to travel, and a traveller is passing on the edge of the highway without con-tributory negligence falls in the pond or well, as the case may be and is drowned. Louisville & Portland Canal Co. v. Murphy's Admr., 9 Bush, 525, and cases cited; Clark v. Foot, 8 Johns.; 421; Livingston v. Adams, 8 Cow., 175; Ratcliffe's Exrs. v. Mayor of Brooklyn, 4 Comst., 195; 1 Hillyard on Torts, 125; 16 Am. & Eng. Ency. of Law, bottom of page, 413; 45 Am. Rep., 266; s. c. 160 Penn. Rep., ——; 2 Thompson on Neg., 1123-4-5-6-7; 39 Am. Reps., 261, 436; 47 Am. Rep., 446; 36 Am. Rep., 376.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Some years ago the city of Paducah bought a piece of land outside of the city limits, from which it got gravel; from the gravel being removed, a considerable excavation was made, which in the course of time filled with water, and was used as a bathing and fishing place. After this the limits of the city were extended so as to include this pond, which stood out in the commons, and some distance from any highway. Appellant lived in the city about a mile from the pond. His little son, seven years of age, went down to visit a relative, living not far from it. While crossing the common the boy caught a bird, and, seeing some children fishing at the pond, he went over to where they were fishing. The bird got away from him, and flut-tered out on the water. The child waded in after the

bird. It fluttered out further from him on the water. He, following it, got in over his depth, and was drowned, there being no one present large enough to pull him out. For this, appellant, as administrator of the child, brought suit against the city, alleging that the death of the child was due to its negligence. At the conclusion of the evidence for appellant the court instructed the jury peremptorily to find for the appellee.

Appellant relies on Bransom's Adm'r v. Labrot, 81 Ky., 638, [50 Am. Rep., 193], as sustaining a recovery in this case. In that case children were allowed to play about a pile of lumber insecurely placed, which, for this reason, fell on a child and killed it. The court likened the case to that of a man setting a trap upon his premises, and it was on this ground that the judgment was rested. But accumulations of water are common about all cities, especially river towns. A large part of the farm houses of this State have ponds about them. The city was under the same obligation as any other lot owner, and no more. The child did not lose his life from the dangerous proximity of the pond to a highway, or from any secret danger, such as a great depth of water near the bank, but from his voluntarily wading out in the pond some ten feet after the bird. It was not the duty of the city to provide against such a contingency as this.

In Gillespie v. McGowan, 45 Am. Rep., 365, a boy eight years old, while fishing in a well in an old brickyard, fell in and was drowned—a stronger case for the plaintiff than we have here—yet it was held that there could be no recovery. The court said:

"We are unable to see anything in this case, to charge the defendants with negligence in not inclosing their lot or guarding the well. There was

Schauf's Admr. v. City of Paducah. ·

no concealed trap or dead-fall, as in Hydraulic Co. v. Orr, 2 Norris, 332. The well was open and visible to the eye. No one was likely to walk into it by day, and this accident did not occur at night. A boy play-ing upon its edge might fall in, just as he might in any pond or stream of water. In this respect the well was no more dangerous than the river front on both sides of the city, where boys of all ages con-gregate in large numbers for fishing and other amuse-ments. Vacant brickyards and open lots exist on all sides of the city. There are streams and pools of water where children may be drowned; there are inequalities of surface where they may be injured. To compel the owners of such property either to inclose it, or fill up their ponds, and level the surface, so that trespassers may not be in-jured, would be an oppressive rule. The law does not require us to enforce any such principle, even where the trespassers are children. We all know that boys of eight years of age indulge in athletic sports. They fish, shoot, swim and climb trees. All of these amusements are at-·tended with danger, and accidents frequently occur. It is part of a boy's nature to trespass, especially where there is tempting fruit; yet I never heard that it was the duty of the owner of a fruit tree to cut it down because a boy trespasser may fall from its branches. Yet the prin-ciple contended for by plaintiff would bring us to this absurdity if carried to its logical conclusion. Moreover, it would charge the duty of the protection of children upon every member of the community except their parents." To the same effect, see 2 Shearman & Redfield on Negli-gence, section 715; Bishop on Noncontract Law, sections 845, 854, and cases cited.

Judgment affirmed.