# CHARLESTON.

CHARLES MARTINO v. FRANCESCO ROTONDI.

Submitted September 12, 1922.   Decided September 19, 1922.

1. NEGLIGENCE—*Lot Owner Piling Lumber Thereon Under No Duty to Protect Children.*

    An owner of a city lot who piles lumber thereon, to be used in the construction of buildings, is under no duty to protect children who may be injured by a displacement of some of the lumber while they are playing thereon.   (p. 483.)

2. SAME—*Injury to One on Sidewalk by Children's Displacement of Lumber Piled on Abutting Lot Held Not Actionable.*

    An owner of a city lot who piles lumber thereon, to be used in the construction of houses or other structures, is not liable to one injured while upon the sidewalk abutting such property because children playing upon such lumber displace one of the pieces thereof and cause it to roll against such pedestrian upon the sidewalk.   In such case the injury is proximately caused by the action of the children, and does not proceed from any negligence upon the part of the owner of the property.   (p. 483.)

3. APPEAL AND ERROR—*Instructions Incorrectly Stating the Measure of Damages, Where Plaintiff Entitled to None, Harmless Error.*

    An instruction incorrectly stating the measure of damages to be applied in case recovery is had cannot successfully be made the basis of an assignment of error, where the plaintiff is not entitled to any recovery at all.   The error in giving such instruction in such case is harmless.   (p. 486.)

Error to Circuit Court, Marshall County.

Suit by Charles Martino against Francesco Rotondi. From a judgment for defendant, plaintiff brings error.

*Affirmed.*

*Martin Brown,* for plaintiff in error.

*James D. Parriott* and *D. B. Evans,* for defendant in error.

RITZ, JUDGE:

This suit was instituted to recover damages for the alleged wrongful death of plaintiff's decedent. The judgment below was in favor of the defendant, and the plaintiff prosecutes this writ of error.

There is no substantial controversy developed by the evidence as to any material fact involved in the case. The defendant was the owner of a house and lot situate on the east side of Marshall Street, in the city of Benwood. The front of the defendant's lot was some four feet higher than the sidewalk abutting the same, and the elevation of the rear of the lot was still higher. In front of defendant's lot, as well as in front of the adjoining lots, there was constructed a retaining wall. In front of defendant's lot this wall was a little more than four feet in height. The face of the wall at its base was on the street line, but it slanted back so that the face of the top of the wall was slightly back of the street line. The wall, it appears, was about two and one-half feet thick at the top. It appears also that the defendant's lot for some two or three feet back of the wall was practically level, and from that point sloped up to his house. Some little time before the accident, of which complaint is made, the defendant determined to build a porch on his house, and for this purpose purchased some lumber. This lumber consisted of four pieces four inches by six inches by sixteen feet long, and some smaller pieces two by four inches, as well as some inch boards. The lumber was piled either on top of the wall or partly on top of the wall and on defendant's lot back of the wall. The four larger pieces were laid longitudinally with the front of the lot, two of them on the ground, and the other two on top of these. The smaller pieces of lumber were then thrown behind these four larger pieces. It is shown beyond question that this lumber would have remained in the position in which it was thus placed by the defendant indefinitely, unless interfered with by

some animate agency. On the morning upon which the plaintiff's decedent was killed, it appears that there were several children, among them plaintiff's decedent, playing in the defendant's yard on this pile of lumber. Witnesses who observed them say that they were using parts of the smaller pieces as spring boards by engaging them in some way with the larger pieces. While they were playing in this manner the ice wagon came along, and some of the children, including plaintiff's decedent, ran to the street for the apparent purpose of getting small pieces of ice from the ice man, and just at the time that plaintiff's decedent reached the sidewalk immediately in front of the lumber one of these large pieces rolled down off the wall and crushed her to death. There can be no question from the evidence but that this piece of lumber was caused to fall by reason of the children disturbing it with their play on the pile of lumber. Upon this state of facts the court instructed the jury that if they believed that the piece of lumber which fell upon plaintiff's decedent was caused to fall by some outside independent agency, for which the defendant was not responsible, then he would not be liable in this case. This, of course, was in effect a peremptory instruction to find for the defendant, because the evidence did not really leave open the question of what caused the lumber to fall. The only witness who knew anything about it testified that it was displaced by the children playing on it, and the testimony is conclusive that it could not have fallen unless there had been some interference from an outside agency. Does this instruction correctly propound the law? Plaintiff contends that it was the duty of the defendant to anticipate that children might go upon his premises and play on this pile of lumber, and be injured by it becoming displaced and rolling on the sidewalk, and that his failure to guard against such a contingency was negligence; or that it was negligence for him to pile the lumber upon his own property in such a position as that children might be attracted to it. It is quite apparent that the doctrine relied upon by the plaintiff is nothing more nor less than the application of the Attractive Nuisance

Doctrine.  An attempt is made to hold the owner of property liable upon the ground that he has some structure or appliance upon his property which attracts children to it. It is true, the injury here is not to the one who actually caused the timbers to become displaced, but the proposition of law is not at all different on that account, for the reason that children of the tender age who are generally injured under such circumstances as this cannot be charged with contributory negligence, and if the defendant would be liable to the plaintiff's decedent here, upon the same principle, he would be liable to the child who went upon the premises and dislodged the timber in case it was hurt as a result thereof.  There are some courts that sustain this doctrine, but this Court has repudiated the same in the cases of *Ritz* v. *City of Wheeling,* 45 W. Va. 262, and *Conrad* v. *Baltimore & Ohio Ry. Co.,* 64 W. Va. 176.  We still think those cases present sound propositions of law, and are not disposed to depart therefrom.  Here is a case where an owner of property used the same in a perfectly lawful manner.  One cannot erect houses or other structures upon his property without using material for that purpose, and he must store this material in some way upon his premises prior to its actual use.  It cannot be said that there is anything negligent in one storing upon his own premises lumber or other materials to be used in the construction of houses or other structures thereon, unless they are so piled or stored as that they are liable to fall and do an injury to those lawfully on the public ways.  Where the injury results from the interference of some independent agency without the defendant's authority, it cannot be said that he is contributing thereto.  He is entitled to the reasonable use of his property, and if one is injured because of the interference of a third party therewith, he must look to such third party for compensation for the injury, and not to the owner of the property who is in no wise at fault.  This doctrine is well established by our own cases as well as by those of other jurisdictions.  *Dickens* v. *Salt Co.,* 41 W. Va. 511; *Schwartz* v. *Shull,* 45 W. Va. 405; *Great Northern Ry. Co.* v. *Willard,* 238 Fed. 714;

*Tomlinson* v. *Ry. Co.,* 143 La. 641, 79 So. 174; *Kaumeier* v. *City Electric Ry. Co.,* 116 Mich. 306, 40 L. R. A. 384; *Missouri Pacific Ry. Co.* v. *Columbia,* 65 Kan. 390, 58 L. R. A. 399; *Berman* v. *Schultz,* 81 N. Y. Sup. 647.

It follows from what we have said that the defendant was guilty of no breach of duty toward the plaintiff's decedent under the facts shown to exist in this case. But even if it could be said that the lumber was negligently piled, and there is no evidence to justify such an assumption, still it is clearly shown that the injury was caused by the interference therewith by an outside agency for which the defendant was in no manner responsible. Under the law, as announced in this jurisdiction, there could be no liability upon the defendant, and the jury could not properly have returned any other verdict than the one it did.

Some complaint is made of an instruction given on motion of the defendant upon the measure of damages. The instruction is clearly wrong and inapplicable to such a case as this, but inasmuch as there was no right to recover in any event, the giving of an incorrect instruction upon the measure of damages could not prejudice either of the parties to the suit.

The judgment complained of is affirmed.

*Affirmed.*