ANNA B. WHITE, *Administratrix, etc. v.* KANAWHA CITY Co.

(CC 699)

and

JAMES AUSTIN, *Administrator, etc. v.* KANAWHA CITY Co.

(CC 700)

Submitted April 10, 1945. Decided May 8, 1945.

*Lee, Blessing & Steed* and *T. G. Nutter,* for plaintiffs.
*Kay, Casto & Amos* and *Steptoe & Johnson,* for defendant.

Rose, Judge:

The declarations in these two cases are precisely alike, except that in the White case the deceased youth is alleged to have been twelve years of age, while in the Aus-

tin case the age of the deceased is fourteen years, and in the latter case the death of the deceased in the White case is pleaded as tending to show knowledge on the part of the defendant of the dangerous character of its premises. The cases, therefore, were argued and submitted together.

The actions were brought in the court of common pleas of Kanawha County. Identical demurrers to the declarations were interposed and sustained, and the cases certified to the circuit court of that county. The circuit court found the decision of the court of common pleas clearly right, and, in turn, certified to this Court the questions of law arising upon said demurrers.

The declaration in the White case will be discussed first. The claim is based upon the theory that the defendant is liable for the death of the deceased child, twelve years of age, by drowning in a pool of water created by a dam on its land immediately adjacent to a public highway, without proper protection to children of tender age who might be attracted thereto for play in and about the water.

The grounds assigned in the demurrer are as follows:
"1. The declaration fails to charge actionable negligence or lack of care on the part of defendant.

"2. The declaration fails to show breach by the defendant of any duty owed by it to the plaintiff.

"3. The pool alleged to have been maintained by the defendant, as described in the declaration, is in no sense an inherent hazard to life or dangerous instrumentality or, even to children, an attractive nuisance.

"4. The plaintiff's decedent was of such age as not to be legally within the purview of the attractive nuisance doctrine, or the dangerous instrumentality doctrine.

"5. The declaration is otherwise defective upon its face and insufficient in law."

The first and fifth grounds of demurrer are to be disregarded. At most they are merely tantamount to a gen-

eral demurrer, and demurrers of this character are abolished by Code, 56-4-36. The briefs and argument at bar are directed almost exclusively to the grounds stated or implied in the third ground assigned in the demurrer, to which we shall first direct our attention.

The declaration alleges "that said dam and pool of water is made attractive, is uninclosed, lies open and exposed, is without reasonable protection for the safety of those using said highway, and those resorting to said dam and pool of water, for play, recreation, amusement and swimming, * * * and a dangerous hazard to all persons who resort to same for the purposes aforesaid, particularly small children and boys who resort there for play, recreation, and swimming * * *; that said defendant owed a duty to exercise reasonable care to avoid injury to children and others whom it had directly and by implication, allured, permitted, suffered and invited to use, play on, around, and in said pool of water, and on and around said dam, and a duty to keep the same reasonably safe so as not to injure or kill those resorting thereto as aforesaid, particularly did it owe such duty plaintiff's decedent, a child of tender years, to-wit, twelve years of age, * * *".

If this language is to be construed as invoking the so-called "attractive nuisance doctrine", it is futile. That doctrine is not enforced or recognized in this state. *Adams* v. *Virginian Gasoline & Oil Company,* 109 W. Va. 631, 156 S. E. 63; *Martino* v. *Rotondi,* 91 W. Va. 482, 113 S. E. 760; *Conrad* v. *Baltimore & Ohio Railroad Co.,* 64 W. Va. 176, 61 S. E. 44; *Uthermohlen* v. *Bogg's Run Company,* 50 W. Va. 457, 40 S. E. 410; *Ritz* v. *City of Wheeling,* 45 W. Va. 262, 31 S. E. 993. In this position we are in concurrence with the courts of a large number of other jurisdictions, including Virginia, Ohio, Pennsylvania, New York, New Jersey, Massachusetts, Connecticut, Maine, New Hampshire, Vermont, Rhode Island and Michigan. We consider this position not only definitely established in this state, but sound.

With equal clearness, however, this Court has repeatedly announced the principle that one owning, or in control of, that which may be legally considered a "dangerous in-

strumentality" is liable for injuries received from failure to take proper care for the protection of persons, particularly children, who might be injured thereby. *Parsons v. Appalachian Electric Power Company*, 115 W. Va. 450, 176 S. E. 862; *Wiseman v. Terry*, 111 W. Va. 620, 163 S. E. 425; *Colebank v. Nellie Coal & Coke Co.*, 106 W. Va. 402, 145 S. E. 748; *Wellman v. Fordson Coal Company*, 105 W. Va. 463, 143 S. E. 160; *Diotiollavi v. United Pocahontas Coal Co.*, 95 W. Va. 692, 122 S. E. 161; *Cox v. United States Coal & Coke Co.*, 80 W. Va. 295, 92 S. E. 559.

But the mere existence of an unguarded pool, pond, or reservoir of water, natural or artificial, on land does not of itself render the owner liable for the death of a child drowned therein. *Ritz v. City of Wheeling, supra; Grindley v. McKechnie*, 163 Mass. 494, 40 N. E. 764; *Troglia v. Butte Superior Mining Co.*, 270 Fed. 75; *Ansell v. City of Philadelphia*, 276 Pa. 370, 120 A. 277; *Dobbins v. Missouri, K. & T. R. Co.*, 91 Tex. 60, 63, 41 S. W. 62; *Clark v. Manchester*, 62 N. H. 577; *Eades v. American Cast-Iron Pipe Company*, 208 Ala. 556, 94 S. 593; *Peters v. Bowman*, 115 Cal. 345, 47 P. 113; *Robbins v. City of Omaha*, 100 Neb. 439, 160 N. W. 749; *Barnhart v. Chicago, M. & St. P. R. Co.*, 89 Wash. 304, 154 P. 441; *Pastorello v. Stone*, 89 Conn. 286, 93 A. 529; *Blough v. Chicago G. W. R. Co.*, 189 Iowa 1256, 179 N. W. 840; *Thompson v. Illinois C. R. Co.*, 105 Miss. 636, 63 S. 185. Such pools exist on every stream of even moderate size in this state. Artificial pools are not in themselves more dangerous. No statute or principle of law requires the owner of land on which such pool exists to protect or warn trespassers, adult or infant, against injuries which may result from their use of the same.

· Of course, if some feature or element of the instrumentality or premises operates as a hidden danger or trap, liability may arise against the owner or one in control thereof. *Brinilson v. Chicago, etc. R. Co.*, 144 Wis: 614, 129 N. W. 664; *Penso v. McCormick*, 125 Ind. 116, 25 N. E. 156; *Kinchlow v. Midland Elevator Co.*, 57 Kan. 374, 46 P. 703; *Briscoe v. Henderson*, 148 N. C. 396, 62 S. E. 600. Peculiar or unusual features in or about pools or ponds of water which result in extraordinary dangers, particularly when

hidden, have been held to be a sufficient additional element to render the owner liable for injury resulting therefrom. *Price* v. *Atchison Water Co.*, 58 Kan. 551, 50 P. 450; *Kansas City* v. *Siese*, 71 Kan. 283, 80 P. 626; *Pekin* v. *McMahon*, 154 Ill. 141, 39 N. E. 484.

But there are no facts pleaded in the declaration which would indicate that the pool or dam in question was more dangerous than an ordinary pool or dam would inherently and unavoidably be. The dam is alleged to be one hundred feet long, twenty to twenty-five feet high, and of a width at the top of forty-six feet at the east end, twenty-six feet at the west end and ten feet at the spillway near the center, with the water side concreted for the full length of the dam and sloping at an angle of forty-five degrees. The pool is alleged to lie for three hundred and fifty feet along and adjacent to a public highway, and the water therein to be from twenty to twenty-five feet in depth. Would a dam or pool of this construction present any concealed danger or other feature amounting to a trap? There is no allegation in the declaration to that effect.

The proximity of the pool to the highway is of no moment, since the declaration charges that the decedent came to his death while playing on said dam and in and about the water there. The depth of the water itself does not constitute an extraordinary element of danger if not concealed, or otherwise deceptive. *Emond* v. *Kimberly-Clark Co.*, 159 Wis. 83, 149 N. W. 760; *Schauf* v. *City of Paducah*, 106 Ky. 228, 50 S. W. 42; *Stendal* v. *Boyd*, 73 Minn. 53, 75 N. W. 735; *Robbins* v. *City of Omaha, supra; City of Altus* v. *Millikin*, 98 Okla. 1, 223 P. 851. If the decedent could swim, water twenty to twenty-five feet in depth would be no more of a hazard than water six or ten feet deep, and his inability to swim is not alleged. Did the slope of forty-five degrees in the concrete face of the dam constitute a concealed danger? It is not so alleged or argued, nor are any facts pleaded from which the Court can judicially so conclude. Incidentally, we note that in *Cox* v. *Alabama Water Company*, 216 Ala. 35, 112 S. 352, a reservoir twenty-five feet deep, with the sides concreted

with smooth concrete and sloping at an angle of forty-five degrees, was held not to be of such character as to render the owner liable to a child who, in playing about the reservoir, fell therein and was drowned.

In argument and briefs on behalf of the plaintiff great emphasis is placed on the theory that the pool and dam were not used in any business of the defendant. It is urged that one who so maintains such a pool is not entitled to the immunity accorded an owner where the pool is maintained for some use or purpose, practical or esthetic. There may be some basis for this distinction; but in all the multitude of cases dealing with pools of water on private premises, not one has been found which was maintained for no purpose or use. However, the declaration does not present the case argued. It simply says: "* * * and while the defendant was not using dam and pool of water in the conduct of any business of said defendant, yet the said defendant, * * * suffered and permitted said pool of water and said dam to lie open, exposed, and unprotected, * * *". This is not a direct allegation that the pool was not used in the defendant's business. It can at most only mean either that "during a time when the pool was not so used", or "although the pool was not so used", the accident occurred. A direct allegation of the fact that the pool was not used in the defendant's business is necessary to raise the point argued. Whether, if so pleaded, this fact would create liability on the part of the defendant, we do not decide.

The plaintiff further insists that the pool in question was, in fact, a swimming pool, and was constructed and maintained as such. But the declaration does not so allege. The language used is "that said dam impounds water and makes a pool of water, or lake and swimming pool * * *". This statement could be made of every pool of water, natural or artificial, and comes far short of charging that the pool was constructed or maintained for such purpose. Its availability or possible use for a swimming pool is merely incidental, and not the object of its construction or maintenance, so far as the declaration shows.

The third ground of demurrer we hold to be well taken,

and it therefore follows that the declaration does not show any "breach by the defendant of any duty owed by it to the plaintiff" as asserted in the second ground assigned. The fourth ground assigned is also well taken as to the Austin case, in which the decedent is shown to have been fourteen years of age. There is a rebuttable presumption that he possessed the discretion of an adult. *Wilkinson, Admr.* v. *Kanawha & Hocking Coal & Coke Co.,* 64 W. Va. 93, 61 S. E. 875. On the other hand, the decedent in the White case was but twelve years of age. As to him, the presumption it that he lacked such discretion. Toward such a child the owner or operator of a dangerous instrumentality owes duties not due to others presumed to possess mature discretion. *Wiseman* v. *Terry, supra; Adams* v. *Virginian Gasoline.& Oil Company, supra.* Recovery in each case is based on the theory that the decedent was of tender age and lacked discretion. This element of recovery is adequately shown in the one case, but not in the other. Our conclusion it that the demurrers were properly sustained in both cases.

*Affirmed.*