LORRAINE MCKINNEY, *an Infant, etc.*

*v.*

ANDY MILLER, *et al.*

(No. 10534)

Submitted April 22, 1953. Decided May 26, 1953.

*Love* and *Abbot,* for plaintiff in error.

*Carl B. Vickers* and *Howard W. Carson, Arnold M. Vickers,* for defendants in error.

GIVEN, JUDGE:

Plaintiff, Lorraine McKinney, an infant, by his next friend, prosecuted his action of trespass on the case in the Circuit Court of Fayette County, against Andy Miller, Jess J. Campbell and Frank Cavendish, for recovery of damages for personal injuries resulting from an explosion of dynamite. The circuit court, by order of February 18, 1952, sustained a demurrer of defendants to the second amended declaration, and, plaintiff having declined to further plead, dismissed the action. This Court granted a writ of error to the final judgment.

The second amended declaration substantially charges that defendants were engaged in the construction of a road and, in connection with the construction, "did keep large quantities of dynamite and electric dynamite caps on and around the location"; that it was the duty of defendants "to use such care as required by law" to prevent injury to plaintiff; that defendants did not use due care, in that they "carelessly, negligently, unlawfully and wantonly * * * left and stored several boxes of said dynamite open, exposed and untended on the back of a certain pick-up truck and * * * left a great number of electric dynamite caps open and exposed in a metal box attached to and a part of said truck which was parked on the public road between the said village of Beckwith and the Fayette County Four-H Camp; and carelessly and negligently exposed said explosives and

electric dynamite caps to children and adults passing along and over said public highway; that by reason thereof one Donald McKinney, an infant of the age of sixteen years, of retarded mentality, and sub-normal intelligence, and with the mentality, intelligence and experience of a child of tender years, on the day, month and year aforesaid, while passing along said highway, and being thoroughly unfamiliar and inexperienced with dynamite and the dangers incident to the handling thereof procured several sticks of said dynamite and a number of electric dynamite caps from the back of said truck and carried said dynamite and electric dynamite caps to his home located on said road, and the said Lorraine McKinney, an infant of the tender age, to-wit, of fourteen years, became interested in said dynamite, and he being thoroughly unfamiliar and inexperienced with the proper handling of explosives and thoroughly unfamiliar with the great danger incident thereto and in the course of playing with said dynamite and electric dynamite caps, and without fault on his part, caused said dynamite and electric dynamite caps to explode, and thereby, and as a proximate result of the negligence of the defendants as aforesaid, * * *."

It appears from a bill of particulars filed in the proceeding, which, of course, can not be considered in aid of the declaration, that after Donald McKinney procured the dynamite and caps from the truck, he carried them home and gave them to Lorraine McKinney, his brother. While playing with the dynamite, either Donald or Lorraine, or both, attached one of the caps and one end of a wire to a portion of one of the sticks of dynamite. Donald accidentally touched the other end of the wire to a flashlight battery, causing the explosion from which the injury complained of resulted.

Grounds of the demurrer are numerous, but we think the following propositions include all material questions involved: (1) Do the facts alleged in the second amended declaration establish primary negligence? (2) If pri-

mary negligence is shown, was such negligence the efficient proximate cause of the injury, or (a) was there an efficient intervening cause, or (b) contributory negligence? The conclusion reached by the Court as to the contention of defendants relating to intervening negligence makes discussion of other questions raised unnecessary. For the purpose of considering the controlling question, we assume, but do not decide, that questions relating to primary negligence and contributory negligence would be answered favorably to plaintiff.

No matter how clear, or how culpable, the negligence of defendants may have been in connection with the parking of the truck on the highway and the leaving of the dynamite and dynamite caps therein, they can not be held liable to plaintiff therefor if there arose a break in the causal chain between such negligence and the injury, unless such break, usually identified in the books as an intervening cause, was itself of such character as to have been reasonably expected or foreseeable by defendants. *Webb* v. *Sessler*, 135 W. Va. 341, 63 S. E. 2d 65; *American Telephone & Telegraph Company* v. *Ohio Valley Sand Company*, 131 W. Va. 736, 50 S. E. 2d 884; *Martino* v. *Rotondi*, 91 W. Va. 482, 113 S. E. 760, 36 A. L. R. 6; *Anderson* v. *Baltimore and Ohio Railroad Company*, 74 W. Va. 17, 81 S. E. 579, 51 L. R. A., N. S., 888; *Schwartz* v. *Shull*, 45 W. Va. 405, 31 S. E. 914; *Fawcett* v. *Railway Co.*, 24 W. Va. 755; *Washington* v. *B. & O. R. R. Co.*, 17 W. Va. 190. The rule is easily understood and is recognized universally. Its application to particular circumstances gives rise to unending contentions and writings relating thereto. In the present case, however, we have had little difficulty in applying the rule.

We cannot say that defendants were bound to anticipate or reasonably expect, or could have foreseen, that the dynamite and caps would be stolen from the truck. Neither can we say that defendants should have anticipated that Donald McKinney, after stealing the dyna-

mite, would carry it to his home and give it to some other person who, while playing therewith, would explode it. Nothing in the record indicates that any such theft had previously occurred. Use of dynamite in the prosecution of the construction was proper. The truck was parked where it had a right to be. Most certainly, the injury would not have occurred had the theft not taken place, or had the dynamite not been carried away or "procured" by plaintiff from Donald McKinney. There are, we think, clearly and definitely, breaks in the causal chain, intervening causes. See *Perry* v. *Rochester Lime Co.*, 219 N. Y. 60, 113 N. E. 529, L. R. A. 1917B 1058, where it is held: "Wrongfully leaving explosives stored in a public place is not the proximate cause of the injury where boys take an unmarked box of explosives from the unlocked chest where it was stored, and, after concealing it over night, attempt to make some use of it the next day, when an explosion occurs, to the injury of a playmate who is with them." In the opinion, by Judge Benjamin Cardozo, it is stated: "The defendant stored explosives in a chest on the bank of the Erie Canal in the city of Rochester. It stored them in a public place and in violation of law. Two boys carried away some of the boxes, secreted them in a barn, and, handling the contents the next day, brought about an explosion. A little boy of eight years, who was near them, was killed. * * * But we cannot say that what was done with these explosives was something that ought to have been foreseen. * * * The defendant had done nothing to invite or provoke this theft * * *. The theft of one of the boxes was no more to be looked for than the theft of the whole chest. It was possible, of course, that the contents would be stolen by boys, or even by adults. But nothing in the situation made that outcome probable. In short, a series of new and unexpected causes intervened, and had to intervene, before these explosives could bring death to Perry. Not one of them was within the range of reasonable expectation. * * *." See also *Haran* v. *Town of Watertown*, 817 Mass. 185, 104 N. E. 464, where it is held:

"1. Where the original negligence of a defendant is followed by the independent act of third persons, resulting directly in injurious consequences to plaintiff, defendant's earlier negligence may be found to be the direct and proximate cause of the injuries, if according to human experience, and in the natural and ordinary course of events, defendant ought to have seen that the intervening act was likely to happen; but if the intervening act causing the injury was one which it was not incumbent upon defendant to anticipate, though a high degree of caution would have shown him that it was possible, he owed no duty to plaintiff to anticipate such act, the chain of causation is broken, and defendant's negligence is not the proximate cause of the injury.

"2. Where the workmen of a town left dynamite in an improper and insecure box within the limits of a street, several sticks of which were taken therefrom at different times by boys ranging in age from 6 or 7 to 14 years and thrown upon a fire, defendant's negligence in leaving dynamite in such box was not the proximate cause of an injury caused by an explosion of one of such sticks, as the town was not bound to anticipate a theft of the dynamite, and much less was it bound to anticipate a series of thefts, especially where the dynamite was taken in daylight, and there was nothing to indicate that anything of the kind had ever before been done; nor was it bound to anticipate that the boys, after taking the dynamite, would engage in the dangerous sport of throwing it on a fire."

Plaintiff relies upon decisions like *Byrd* v. *Rector*, 112 W. Va. 192, 163 S. E. 845, 81 A. L. R. 1213, and *Wellman* v. *Fordson Coal Co.*, 105 W. Va. 463, 143 S. E. 160. We think those cases materially different. In the *Byrd* case the explosives causing the injury were stored "near the public school grounds * * * exposed * * * to the children attending said school * * *". What would be more natural than for children playing to obtain the explosives

openly stored nearby, commingle with other children playing, and cause the explosion? That would have been not merely foreseeable. It should have been expected.

In the *Wellman* case, two small boys were permitted by defendant to assist in the handling of powder in kegs. In doing so, they dropped one of the kegs, spilling the powder. Defendant knew that the keg had burst, but took no precaution as to the danger. The boys secured some of the spilled powder, and, while throwing it on a fire, one of them was severely burned, from which burns he died. Here the acts of the boys, though in a sense an intervening cause, were to be expected. They were easily foreseeable by those charged with the care of the explosives. In other words, the intervening cause itself was foreseeable. As before noted, defendants in the instant case had no reason to expect, and could not reasonably have foreseen, that dynamite would be stolen from the pick-up truck, or that it would be carried away by some person, responsible or irresponsible. See 13 M. J., Negligence, Sections 22 and 23.

Plaintiff further argues that since Donald McKinney, the boy who took the dynamite from the truck, was "an infant of the age of sixteen years, of retarded mentality, and subnormal intelligence, and with the mentality, intelligence and experience of a child of tender years", his acts could not have constituted an intervening cause. We think the contention is disposed of by the holding in *Martino* v. *Rotondi*, 91 W. Va. 482, 113 S. E. 760, 36 A. L. R. 6. In that case the owner of a lot of land had caused lumber to be placed on the front of his property. Children, ages not shown, playing on the lumber, caused one of the pieces thereof to fall to the sidewalk, killing plaintiff's decedent. The Court held, Point 2, syllabus: "An owner of a city lot who piles lumber thereon, to be used in the construction of houses or other structures, is not liable to one injured while upon the sidewalk abutting such property because children playing upon such lumber displace one of the pieces thereof and cause it

to roll against such pedestrian upon the sidewalk. In such case the injury is proximately caused by the action of the children, and does not proceed from any negligence upon the part of the owner of the property." In the opinion, it is pointed out that though it be assumed that defendant was negligent, " * * * still it is clearly shown that the injury was caused by the interference therewith by an outside agency for which the defendant was in no manner responsible * * *".

In 22 R. C. L., Proximate Cause, Section 25, we find this language: "The general rule seems to be that the fact that the person responsible for the intervening act is a child does not affect the case, but, if the act itself is an intervening, efficient cause, it will break the causal connection between the defendant's negligence and the plaintiff's injury, even though it is the act of an irresponsible child. In some cases the act of a child has been held to be an efficient, intervening act, but the fact that it was a child that was responsible for the act, as distinguished from an adult, is not discussed. In other cases where the injury results to the child who is himself responsible for the intervening act, the court discusses it as a question of intervening cause, although it may be that the child could not be held guilty of contributory negligence * * *." See 65 C. J. S., Negligence, Section 111.

Viewing the allegations of the second amended declaration as conclusively establishing an intervening cause, the action of the Circuit Court of Fayette County in sustaining the demurrer thereto must be affirmed.

*Affirmed.*