**Wilson HANNERS, Administrator of the Estate of Larry Eugene Hanners, Appellant,**

v.

**CITY OF ASHLAND, a Municipal Corporation, Appellee.**

Court of Appeals of Kentucky.

Nov. 20, 1959.

Rehearing Denied Feb. 26, 1960.

P. H. Vincent, Ashland, John L. Smith, Catlettsburg, for appellant.

A. W. Mann, Arthur T. Bryson, Jr., Ashland, for appellee.

CLAY, Commissioner.

The plaintiff's son drowned while swimming in a reservoir maintained by defendant City of Ashland. In this suit for damages the trial court directed a verdict for defendant.

The basis of plaintiff's claim is that the reservoir constituted an attractive nuisance,

and the defendant negligently failed to guard or fence it.

This reservoir was a properly constructed concrete basin which was filled with water from a depth of 12 to 35 feet. There was no protective device immediately around the basin, although the reservoir area was enclosed by a barbed wire fence. It was shown that in the summertime children, as well as adults, often frequented this reservoir to swim. The parties in their briefs refrained from advising us exactly how the accident happened, but we assume the plaintiff's son, a child eight years old, drowned while swimming. There is nothing to indicate this unfortunate tragedy was caused by any unusual features of the premises.

The narrow question in the case is whether or not the attractive nuisance doctrine extends to an open water hazard, such as this reservoir.

This case is controlled by the decision and reasoning in Schauf's Adm'r v. City of Paducah, 106 Ky. 228, 50 S.W. 42. There a seven year old child drowned while wading out into an abandoned gravel pit filled with water. In view of the fact the premises did not have a concealed danger, and considering the practical impossibility of preventing trespassing boys from engaging in athletic sports around water, it was held the city was under no duty to guard against such contingency as drowning. The principle was followed in Von Almen's Adm'r v. City of Louisville, 180 Ky. 441, 202 S.W. 880, and has not been departed from in this state. This view is generally accepted in the great majority of other jurisdictions. See extensive note in 8 A.L.R.2d 1254.

Plaintiff appellant asks us to liberalize the principle of attractive nuisance so as to encompass such water hazards, but our expressed inclination is to restrict rather than enlarge the doctrine. Jarvis v. Howard, 310 Ky. 38, 219 S.W.2d 958; Goss v. Shawnee Post No. 3204, V. F. W. of United States, Inc., Ky., 265 S.W.2d 799.

The reasons why the doctrine of attractive nuisance should not be extended to the hazard of drowning while swimming in confined waters are: (1) such places do not create a condition of unnatural, concealed, or special danger, nor do they involve an unreasonable risk of death or serious bodily harm; (2) the possible hazard of use is generally appreciated even by children of tender years; and (3) the practical impossibility of adequately guarding such places from the invasion of venturesome boys would impose upon the landowner a duty entirely disproportionate to the risk of injury. See Restatement, Torts, Vol. 2, Section 339. Therefore, negligence cannot be predicated simply upon the failure of a landowner to prevent a trespasser from taking a commonly known and appreciated risk in the customary use of such a facility.

The trial court properly directed a verdict for the defendant.

The judgment is affirmed.